IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DERRICK MILES, #R15565,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No. 23-cv-03087-SMY |
| | ) |
| **ANTHONY D. WILLS,** | ) |
| **JESSICA HUFFMAN,** | ) |
| **YVETTE BAKER,** | ) |
| **JOSHUAA SCHOENBECK,** | ) |
| and **ANTHONY JONES,** | ) |
| | ) |
| **Defendants.** | ) |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Derrick Miles, an inmate in the Illinois Department of Corrections and currently incarcerated at Western Illinois Correctional Center, filed this civil rights action under 42 U.S.C. § 1983 for constitutional deprivations resulting from his punishment with segregation for a false disciplinary ticket at Menard Correctional Center. (Doc. 1, pp. 1-27). He seeks monetary relief. *Id*. at 10. This matter is now before the Court for preliminary review of the Complaint under 28 U.S.C. § 1915A, which requires this Court to dismiss any portion that is legally frivolous or malicious, fails to state a claim for relief, or seeks money damages from an immune defendant. *See* 28 U.S.C. § 1915A(a)-(b).

## The Complaint

Plaintiff makes the following allegations in the Complaint (Doc. 1, pp. 6-9): While incarcerated at Menard, Plaintiff complained when Internal Affairs Officer Jessica Huffman confiscated and opened his legal mail outside his presence, without his permission, and without a shakedown slip. Plaintiff promised to report the officer's misconduct to the warden. *Id*.

Officer Huffman requested the name of Plaintiff's attorney. She told Plaintiff that his legal mail contained fentanyl. When Plaintiff reported the officer's misconduct to Warden Wills, Officer Huffman said, "[T]hat [i]s what he get[s] for having drugs sent in." *Id*. at 6.

Two weeks later, Officer Huffman issued Plaintiff a disciplinary ticket for mail laced with cannabis. Officers Jones and Schoenbeck presided over his disciplinary hearing. The officers refused to hear Plaintiff's defense, *i.e.*, that Officer Huffman confiscated and opened his mail outside of his presence without his permission. They asked Plaintiff if he was attempting to smuggle cocaine into the prison. Plaintiff was confused by this question. He pointed out that his disciplinary ticket referred to cannabis. Even so, Officers Jones and Schoenbeck continued to accuse him of smuggling cocaine into the prison and found him guilty of the pending disciplinary charges. *Id*. at 6, 9. He was punished with 3 months of segregation, 3 months of commissary restrictions, and 6 months of contact visit restrictions. *Id*. at 6.

While in segregation, Plaintiff lost all privileges, including his job, visits, and phone access. Inmates caused excessive noise at all times of the day and night by kicking. Plaintiff was unable to sleep. He wrote to Warden Wills and "mental health" to complain about the distress this caused him. He also wrote numerous complaints to the warden about mold in his cell. *Id*. Warden Wills promised to move Plaintiff, but then failed to do so. *Id*. at 7. He filed grievances and appeals. *Id*. at 6. Grievance Officer Yvette Baker responded by reminding the plaintiff of his punishment. *Id*. at 8. Plaintiff's ticket was expunged, only after his punishment concluded. *Id*. at 6. Plaintiff's job was never reinstated. *Id*.

**Discussion**

The Court designates the following claims in the Complaint:

Count 1:  Huffman interfered with Plaintiff's incoming legal mail by opening it without his permission, outside his presence, and without a shakedown slip at Menard, in violation of the First, Sixth, or Fourteenth Amendments.

Count 2:  Wills, Huffman, Baker, Schoenbeck, and Jones denied Plaintiff a protected liberty interest without due process of law by punishing him with 3 months of segregation, 3 months of commissary restrictions, and 6 months of contact visit restrictions based on false disciplinary charges for incoming mail laced with drugs at Menard, in violation of the Fourteenth Amendment.

Count 3:  Huffman, Jones, Schoenbeck, Baker, and Wills subjected Plaintiff to unconstitutional conditions of confinement in segregation at Menard for 90 days, in violation of the Eighth Amendment.

**Any other claim that is mentioned in the Complaint but not addressed herein is considered dismissed without prejudice as inadequately pled under *Twombly*.**[1]

**Count 1**

Plaintiff describes his mail as "legal" in nature. Legal mail typically includes mail between a prisoner and an attorney who is representing him or from whom he is seeking representation. *Kaufman v. McCaughtry*, 419 F.3d 678, 686 (7th Cir. 2005). It also includes mail related to legal proceedings, such as communications between the inmate and the court or other agencies. *See Guajardo-Palma v. Martinson*, 622 F.3d 801, 804 (7th Cir. 2010).

Plaintiff's reference to "legal mail" is conclusory. He provides no information about the contents of his mail, the identity of the sender, the confidential nature of the communication, or any markings on the envelope.[2] Moreover, Officer Huffman's request for the name of Plaintiff's attorney suggests that the envelope was unmarked, the mail was not legal in nature, the officer was

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

[2] Legal mail is often marked as such, using different identifying words on the outside of an envelope, such as "Legal Mail," "Confidential," or "Attorney-Client Privileged" communications.

unaware of its status, and/or she did not read it. Because an inmate's non-legal mail can be opened and inspected for contraband, even outside his presence, without violating certain constitutional rights, additional information is required to determine whether the mail was actually legal in nature. *See Kaufman*, 419 F.3d at 686; *Rowe v. Shake*, 196 F.3d 778, 782 (7th Cir. 1999).

Plaintiff also fails to identify the right at issue. A prisoner has a First Amendment right to send and receive mail. *Rowe*, 196 F.3d at 782. An inmate also has a Fourteenth Amendment right of access to the courts, which includes the right to confidential communication with an attorney who represents him, from whom he seeks representation, or from the court about a non-public matter in a civil case. *Turner v. Safley*, 482 U.S. 78, 89 (1987). The Sixth Amendment right to effective assistance of counsel is implicated by interference with legal mail exchanged between a prisoner and his attorney in a criminal case. *Id*. The allegations offer insufficient information to determine or analyze the right at issue.

Because the Court is unable to determine the nature of the mail or the right at issue, Plaintiff's claim for legal mail interference cannot proceed. Count 1 will be dismissed without prejudice against Officer Huffman for failure to state a claim.

**Count 2**

The Fourteenth Amendment guards against deprivations of constitutionally protected interests in "life, liberty, or property" without due process of law. *Zinermon v. Burch*, 494 U.S. 113, 125 (1990). When presented with a due process claim in the prison disciplinary hearing context, the court considers whether: (1) there was a protected interest at stake that necessitated due process protections; and (2) the disciplinary hearing was conducted in accordance with procedural due process requirements. *Id*.

Courts generally look at the duration of confinement in segregation and the conditions an inmate faced there to determine whether a protected interest is implicated. For shorter periods of confinement, courts typically find no protected liberty interest and conduct no further inquiry into the conditions of confinement an inmate endured in segregation. *Beamon v. Pollard,* 711 F. App'x 794, 795 (7th Cir. 2018) (135 days in segregation does not implicate the Fourteenth Amendment); *Hardaway v. Meyerhoff*, 734 F.3d 740, 745 (7th Cir. 2013) (no liberty interest in avoiding 182 days in segregation); *Lekas v. Briley*, 405 F.3d 602, 612 (7th Cir. 2005) (90 days in segregation "still not so long as to work an atypical and significant hardship); *Thomas v. Ramos,* 130 F.3d 754, 761 (7th Cir. 1997) (70 days in segregation does not implicate a protected liberty interest). For longer terms of confinement, the Court considers whether the plaintiff endured an "atypical and significant hardship" by examining the conditions faced in segregation. *Sandin v. Conner*, 515 U.S. 472, 484 (1995); *Marion v. Columbia Corr. Inst.*, 559 F.3d 693 (7th Cir. 2009) (240 days sufficiently long to implicate a Fourteenth Amendment protected liberty interest and trigger the need for further inquiry into the conditions). Here, Plaintiff's punishment with 90 days of segregation is considered a shorter duration, and his loss of certain privileges adds nothing to this claim. *See Bryson v. Eckstein*, 2023 WL 5923983, at *1 (7th Cir. Sept. 12, 2023) (loss of telephone privileges not a hardship); *Thomas v. Ramos,* 130 F.3d at 762, n.8 (loss of commissary privileges, phone privileges, contact visits, participation in programs, and demotion to C-grade does not implicate a protected liberty interest).

What sets this claim apart, however, is the fact that Plaintiff endured all 3 months of punishment *before* his disciplinary ticket was expunged. Due process is satisfied when an inmate spends little or no time in unnecessary segregation before the administrative appeal corrects the flawed disciplinary record. *Morisette v. Peters*, 45 F.3d 1119, 1121-22 (7th Cir. 1995). That said,

5

an "administrative appeal must correct the procedural error *before* the punishment begins." *Id*. at 1122 at n.4 (emphasis added). *See also Williams v. Brown*, 849 F. App'x 154, 157 (7th Cir. 2021).

In this case, Plaintiff's ticket was expunged *after* he spent 90 days in segregation following an allegedly unfair disciplinary proceeding for incoming mail laced with fentanyl, then cannabis, and finally cocaine. Under these circumstances Count 2 will proceed against the defendants who were directly involved in his discipline, including Defendants Huffman, Jones, and Schoenbeck. This claim will be dismissed without prejudice against Warden Wills and Grievance Officer Baker for their lack of personal involvement in the defective disciplinary hearing.

## Count 3

The Eighth Amendment protects prisoners against conditions of confinement that amount to cruel and unusual punishment. *Farmer v. Brennan*, 511 U.S. 825, 833-34 (1994). Prisoners are entitled to the "minimal civilized measure of life's necessities," including adequate shelter. *Id*. Plaintiff alleges that he was denied constitutionally adequate housing when he was placed in a cell filled with mold and surrounded by inmates who caused constant noise by kicking day and night. He claims that as a result, he was unable to sleep for 90 days in segregation and suffered from mental health issues. He filed numerous complaints with "mental health"[3] and Warden Wills. The warden agreed to move him and failed to do so.

Some conditions do not constitute cruel and unusual punishment, standing alone, but may have a cumulative effect that violates the Eighth Amendment. *Wilson v. Seiter*, 501 U.S. 294, 304 (1991) (citing low nighttime cell temperature plus a failure to issue blankets). And, the Seventh Circuit has found that excessive noise on a nightly basis that interrupts or prevents sleep is a constitutional violation if it poses a serious risk of injury to a prisoner. *See Antonelli v. Sheahan*,

---

[3] "Mental health" is not named as a defendant and is not considered a person subject to suit under § 1983.

81 F.3d 1422, 1433 (7th Cir. 1996) (prisoner's allegation of loud noise that "occurred every night, often all night" for months stated claim under Eighth Amendment); *but see Lunsford v. Bennett*, 17 F.3d 1574, 1580 (7th Cir. 1994) (subjecting prisoners to loud noises for a few hours over 3 days did not violate Eighth Amendment).  Here, the combination of mold, noise, and sleepless nights for 90 days that caused mental health issues supports an Eighth Amendment claim against Warden Wills.

### Disposition

The Complaint survives screening pursuant to 28 U.S.C. § 1915A and proceeds, as follows:

- **COUNT 1** is **DISMISSED** without prejudice against **JESSICA HUFFMAN** for failure to state a claim.

- **COUNT 2** will receive further review against **JESSICA HUFFMAN, ANTHONY JONES,** and **JOSHUAA SCHOENBECK**, in their individual capacities.

- **COUNT 3** will receive further review against **ANTHONY WILLS**, in an individual capacity.

- **ALL OTHER CLAIMS** and **DEFENDANTS** are **DISMISSED** without prejudice for failure to state a claim.

For Counts 2 and 3, the Clerk shall prepare for Defendants **ANTHONY WILLS, JESSICA HUFFMAN, ANTHONY JONES,** and **JOSHUAA SCHOENBECK**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint (Doc. 1), and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff.  If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require the Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk and shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply. 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244 and Local Rule 8.2, Defendants need only respond to the issues stated in this Merit Review Order**.

Plaintiff is **ADVISED** that if judgment is rendered against him and the judgment includes the payment of costs under 28 U.S.C. §1915, he will be required to pay the full amount of the costs, even though he was granted *in forma pauperis* status. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is further **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and the opposing parties informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **14 days** after a transfer or other change in address occurs. Failure to comply with this order may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**The Clerk's Office is DIRECTED to TERMINATE Defendant YVETTE BAKER as a party in CM/ECF.**

**IT IS SO ORDERED.**

**DATED:   December 14, 2023**            *s/ Staci M. Yandle*
                                           **STACI M. YANDLE**
                                           **United States District Judge**

8

**Notice to Plaintiff**

Once identified, the Court will take the necessary steps to notify the Defendants of your lawsuit and serve them with a copy of your Complaint. After service has been achieved, Defendants will enter an appearance and file an Answer to your Complaint. It will likely take at least **60 days** *from the date they are served with this lawsuit* to receive the Defendants' Answers, but it is entirely possible that it will take **90 days** or more. When Defendants have filed their Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, to give the Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.