IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DERRICK MILES,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No. 3:23-CV-3087-MAB |
| | ) |
| **ANTHONY D. WILLS, JESSICA HUFFMAN, JOSHUA SCHOENBECK, and ANTHONY JONES,** | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM AND ORDER

**BEATTY, Magistrate Judge:**

This matter is currently before the Court on the motion for summary judgment on the issue of exhaustion filed by Defendants Jessica Huffman,[1] Anthony Jones, Joshua Schoenbeck, and Anthony Wills (Doc. 23; *see also* Docs. 24, 25). For the reasons explained below, the motion is granted in part and denied in part.

### BACKGROUND

Plaintiff Derrick Miles, an inmate of the Illinois Department of Corrections, brought this civil action pursuant to 42 U.S.C. § 1983 for violations of his constitutional rights at Menard Correctional Center (Doc. 8; *see also* Doc. 1).

Plaintiff alleged that Internal Affairs Officer Jessica Huffman came by his cell and told him that she confiscated his legal mail and it contained fentanyl (Doc. 1, p. 6). When

---

[1] Defendant's name is now Jessica Armbruster. The Court will refer to her as Huffman in this Order, however, because that is how she is identified on the docket and in the relevant documents (Doc. 1; Doc. 8; Doc. 24, pp. 6–11 (disciplinary report & Adjustment Committee Report)).

Warden Anthony Wills did his rounds through the cellhouse, Plaintiff complained to Wills that Huffman had opened his legal mail outside his presence, without his permission, and without a shakedown slip (*Id.*). Two weeks later, Officer Huffman issued Plaintiff a disciplinary ticket for receiving mail with cannabis in it, not fentanyl (*Id.*). Officers Jones and Schoenbeck presided over his disciplinary hearing, and they refused to hear Plaintiff's defense, *i.e.*, that Officer Huffman confiscated and opened his mail outside of his presence without his permission (*Id.*). They also accused him of trying to smuggle cocaine into the prison, which confused Plaintiff because his ticket referred to cannabis (*Id.* at pp. 6, 9).[2] Plaintiff was punished with three months of segregation, amongst other things (*Id.* at p. 6). After Plaintiff had served his entire punishment, his ticket was expunged (*Id.*). Plaintiff's job was never reinstated (*Id.* at p. 6).

Following a threshold review of the complaint pursuant to 28 U.S.C. § 1915A, Plaintiff was permitted to proceed on the following claims:

> **Count 2:** Fourteenth Amendment due process claim against Huffman, Jones, and Schoenbeck for ticketing and punishing him based on false disciplinary charges;
>
> **Count 3:** Eighth Amendment conditions of confinement claim against Warden Wills based on the conditions he endured in segregation.

(Doc. 8).

Defendants filed a motion for summary judgment on the issue of exhaustion on

---

[2] This is Plaintiff's allegation (Doc. 1, p. 6). However, the disciplinary ticket and Adjustment Committee Report indicate that pieces of paper in the mail field tested positive at Menard for synthetic cannabinoids (Doc. 24, pp. 8, 9). The pieces of paper were then sent to the Illinois State Police's crime lab, where they tested positive for cocaine (*Id.*).

May 22, 2024 (Doc. 23; *see also* Docs. 24, 25). They argue that there is only one grievance that is relevant and fully procedurally exhausted, but it is insufficient to cover Plaintiff's claims against them (Doc. 23, p. 5). Plaintiff filed a response in opposition to the motion for summary judgment, in which he mentioned only the grievance that Defendants talked about and no others (Doc. 30). He seemed to suggest that the failure to name Defendants in the grievance should not be fatal to his claims (*see id.* at p. 2). Defendants did not file a reply.

## **LEGAL STANDARD**

Summary judgment is proper only if the movant shows that there is no genuine issue as to any material fact and they are entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). In making that determination, the court must view the evidence in the light most favorable to, and draw all reasonable inferences in favor of, the nonmoving party. *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 735 F.3d 962, 965 (7th Cir. 2013) (citation omitted).

Courts generally cannot resolve factual disputes on a motion for summary judgment. *E.g., Tolan v. Cotton*, 572 U.S. 650, 656 (2014) ("[A] judge's function at summary judgment is not to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial.") (internal quotation marks and citation omitted). However, when the motion for summary judgment pertains to a prisoner's failure to exhaust, the Seventh Circuit has held that disputed factual questions can and should be resolved by the judge (rather than a jury) as a preliminary matter in an evidentiary hearing known as a "*Pavey* hearing." *Smallwood v. Williams*, 59 F.4th 306, 315 (7th Cir. 2023) (citing *Pavey v. Conley*, 544 F.3d 739, 742 (7th Cir. 2008)). *Accord Wagoner*

*v. Lemmon*, 778 F.3d 586, 590 (7th Cir. 2015); *Roberts v. Neal*, 745 F.3d 232, 234 (7th Cir. 2014). But when a prisoner does not raise sufficient factual allegations to demonstrate a genuine dispute of material fact, then no evidentiary hearing is necessary. *Jackson v. Esser*, 105 F.4th 948, 957 (7th Cir. 2024) (citing *Smallwood*, 59 F.4th at 318). After reviewing both parties' briefs, the Court has determined that there are no genuine issues of material fact, and a hearing is not necessary.

The Prison Litigation Reform Act provides that a prisoner may not bring a lawsuit about prison conditions unless and until he has exhausted all available administrative remedies. 42 U.S.C. § 1997e(a); *Pavey v. Conley*, 663 F.3d 899, 903 (7th Cir. 2011). Exhaustion is an affirmative defense, which the defendants bear the burden of proving. *Pavey*, 663 F.3d at 903 (citations omitted). In order for a prisoner to properly exhaust his or her administrative remedies, the prisoner must "file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002); *see also Woodford v. Ngo*, 548 U.S. 81, 90 (2006). Failure to do so means failure to exhaust. *Riccardo v. Rausch*, 375 F.3d 521, 524 (7th Cir. 2004).

As an inmate in the IDOC, Plaintiff was required to follow the three-step grievance process outlined in the Illinois Administrative Code to exhaust his claims. 20 ILL. ADMIN. CODE § 504.800, *et seq.* (2017). The regulations require an inmate to first submit the grievance to their counselor within 60 days of the incident, occurrence, or problem. *Id.* at § 504.810(a).[3] Then the grievance goes to the grievance officer, who tenders a

---

[3] There are exceptions to this rule, none of which apply here. 20 ILL. ADMIN. CODE §§ 504.810, 504.830 (2017).

recommendation to the warden. *Id.* at § 504.830(e). The warden reviews the recommendation and provides the inmate with a written decision on the grievance. *Id.* If the inmate is unsatisfied with the warden's decision, he or she has thirty days from the date of the warden's decision to appeal to the Administrative Review Board ("ARB") for a final determination by the Director of the IDOC. *Id.* at § 504.850(a). The ARB submits a written report of its findings and recommendations to the Director of the IDOC, who then makes a final decision. *Id*. at § 504.850(d), (e).

## FACTS

The evidence before the Court demonstrates that during relevant time period between February 13, 2022, when Plaintiff received his disciplinary ticket, and September 13, 2023, when he filed this lawsuit, Plaintiff submitted a number of grievances regarding the disciplinary ticket that he received, the punishment, and/or the expungement and the events that followed (Doc. 1, pp. 11–27; Doc. 24). However, the grievance records submitted by Defendants demonstrate that only one of those grievances was procedurally exhausted: grievance #63-4-22, which was signed and dated on February 25, 2022 (Doc. 24, p. 5). Partial records for the other grievances were attached to Plaintiff's complaint, but none of those records contain any indication that Plaintiff appealed these grievances to the ARB (*see* Doc. 1, pp. 11–27).[4] And Defendants submitted a grievance

---

[4] The grievances for which Plaintiff attached records to his complaint are:
Grievance 182-2-22 dated Feb. 22, 2022 (Doc. 1, pp. 18–19, 26–27)
Grievance 24-3-22 dated March 1, 2022 (Doc. 1, pp. 16–17)
Grievance 193-9-22 dated July 9, 2022 (Doc. 1, p. 11)
Grievance 211-7-22 dated July 16, 2022 (Doc. 1, pp. 22–25)
Grievance dated Sept. 14, 2022 (Doc. 1, p. 12).

log from the ARB, which shows that none of the other grievances were ever received (Doc. 24, p. 1).

In the procedurally exhausted grievance—#63-4-22—Plaintiff complained that he was over-sentenced on the ticket he received on February 14th (Doc. 24, p. 5). He complained that Menard did not follow the administrative directive on restrictive housing because progressive discipline was not used, and he was instead given the maximum amount possible (*Id.*). The grievance office received the grievance on April 7, 2022, and an officer reviewed it on May 4, 2022 (*see* Doc. 24, pp. 3–4). The officer explained that the punishment Plaintiff received did, in fact, comply with the new restrictive housing policies and recommended that the grievance be denied (*Id.*). The warden concurred on May 16, 2022, and denied the grievance (*Id.*). Plaintiff filed a timely appeal with the ARB, who affirmed Plaintiff's grievance because the charge of "601/203," which apparently stands for "conspiracy to drugs [sic] and drug paraphernalia" was unsubstantiated by the ticket (Doc. 24, p. 2; *see also* pp. 3, 6). Specifically, the ticket transcribed several phone calls but the conversations were insufficient to substantiate the charge due to the transcripts' "ambiguity" (*Id.* at p. 2). And the ticket did not state that the package that was confiscated and tested positive was addressed to Plaintiff, or was supposed to be delivered to him (*Id.*). Consequently, the ARB ordered the ticket to be expunged (*Id.*).

## Discussion

The Court finds that there is only one griecance that is procedurally exhausted and relevant to Plaintiffs claims in this case: #63-4-22. Defendants are correct that this

grievance is insufficient to cover Plaintiff's claims in Count 2. The grievance does not contain any reference to Warden Wills by name, title, description, or any other identifiers. Nor does the grievance contain any suggestion that he was complaining about administrators ignoring his complaints about the conditions of his confinement in segregation.

Defendants are also correct that grievance #63-4-22 is insufficient to cover Plaintiff's claim in Count 1 against Jessica Huffman. The grievance does not mention Huffman by name or otherwise describe her, nor does the grievance describe any conduct that can be imputed to her. Plaintiff only complained about being over-sentenced, which Huffman had no part in. Nothing in the grievance would put prison officials on notice that Plaintiff was complaining about his mail being confiscated or the disciplinary ticket being bogus.

As for Defendants Jones and Schoenbeck, the Court does not agree that the grievance was insufficient to exhaust as to them. The Illinois Administrative Code requires grievances to name or at least describe each person "who is the subject of or who is otherwise involved in the complaint"20 ILL. ADMIN. CODE § 504.810(c). If the offender does not know the names of the individual, he "must include as much descriptive information about the individual as possible." *Id.* In short, the grievance must provide sufficient information to identify the defendant as the target of the complaint or to implicate them in the alleged wrongdoing. *See Roberts v. Neal*, 745 F.3d 232, 234 (7th Cir. 2014) (explaining "fatal defect" in grievance was "the absence of anything in it to indicate that [the defendant] was the target."); *see also Ward v. Hoffman*, 670 Fed. Appx. 408, 410

(7th Cir. 2016) (affirming summary judgment based on prisoner's failure to exhaust where he complained only about the procedures used by the adjustment committee and did not mention excessive force or the defendants); *Ambrose v. Godinez*, 510 Fed. Appx. 470, 472 (7th Cir. 2013) (affirming the dismissal of prison officials where the plaintiff's grievance failed to mention the officials by name or otherwise implicate them in the alleged constitutional violation).

Here, Plaintiff complained in the grievance about the punishment that he received on his disciplinary ticket. His complaint necessarily implicates—and puts prison officials on notice that he was complaining about—the adjustment committee members who handed down the punishment. All prison officials had to do was look at the Adjustment Committee Report to see the names of the officers who were the target of Plaintiff's grievance. While Plaintiff could have done the same, his failure to provide the prison officials with information that was readily available to them had no discernible impact on the prison's ability to investigate and process his grievance. The grievance was decided on the merits at every level of the grievance process and was never rejected for failing to specifically identify the individuals connected to Plaintiff's complaint. *See Maddox v. Love*, 655 F.3d 709, 722 (7th Cir. 2013) ("Where prison officials address an inmate's grievance on the merits without rejecting it on procedural grounds, the grievance has served its function of alerting the state and inviting corrective action, and defendants cannot rely on the failure to exhaust defense.") (citing *Conyers v. Abitz*, 416 F.3d 580, 585 (7th Cir. 2005)).

Under these circumstances, Plaintiff's failure to name the defendants in the grievance "was a mere technical defect that had no effect on the process and didn't limit the usefulness of the exhaustion requirement." *Maddox*, 655 F.3d at 722 ("He complained about an administrative decision—the cancellation of AHI services—and it belies reason to suggest that prison administrators at Lawrence were unaware of who was responsible for that decision."). *See also, e.g., Randall v. Schoenbeck*, No. 3:22-CV-2146-MAB, 2024 WL 1174459, at *5 (S.D. Ill. Mar. 19, 2024) (grievance challenging Adjustment Committee's decision was sufficient to exhaust as to the Committee members although they were not expressly named in the grievance); *Hall v. Maue*, No. 12-CV-0204-MJR-SCW, 2014 WL 722399, at *7 (S.D. Ill. Feb. 25, 2014) ("Thus, the undersigned finds that Plaintiff adequately identified the Defendants in his grievance as it was very clear, when read in conjunction with the disciplinary report, who the individuals were Plaintiff was referring to."). The Court therefore concludes that grievance #63-4-22 sufficiently covers Plaintiff's claims against Defendants Jones and Schoenbeck.

## CONCLUSION

The motion for summary judgment on the issue of exhaustion filed by Defendants Jessica Huffman, Anthony Jones, Joshua Schoenbeck, and Anthony Wills (Doc. 23) is **GRANTED PART and DENIED IN PART.** It is granted as to Defendants Jessica Huffman and Anthony Wills. They are **DISMISSED without prejudice** as Defendants in this lawsuit. Count 2 against Anthony Wills is likewise **DISMISSED without prejudice**. It is **DENIED** as to Defendants Anthony Jones and Joshua Schoebeck. This matter will

proceed on Plaintiff's due process claim in Count 1 against Defendants Anthony Jones and Joshua Schoenbeck. A new schedule will be entered by separate order.

    **IT IS SO ORDERED.**

    **DATED: March 31, 2024**

                                        <u>s/ Mark A. Beatty</u>
                                        **MARK A. BEATTY**
                                        **United States Magistrate Judge**